UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORVILLE M. MORRIS, | No. 2:17-cv-2286 AC P |
| Plaintiff, | |
| v. | ORDER |
| CSP-SACRAMENTO, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. ECF Nos. 1, 9. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

For the reasons stated herein, plaintiff's motion to proceed in forma pauperis will be granted. Plaintiff will also be given the opportunity to amend the complaint.

I.      IN FORMA PAUPERIS APPLICATION

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). See ECF No. 9. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct

1

the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II.    SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

1    III.    PLEADING STANDARD

2           A.    Generally

3           Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or

4    immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp.

5    Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983 is not itself a source

6    of substantive rights, but merely provides a method for vindicating federal rights conferred

7    elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

8           To state a claim under Section 1983, a plaintiff must allege two essential elements:  (1)

9    that a right secured by the Constitution or laws of the United States was violated and (2) that the

10   alleged violation was committed by a person acting under the color of state law. See West v.

11   Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cty., 811 F.2d 1243, 1245 (9th Cir. 1987).

12          A complaint must contain "a short and plain statement of the claim showing that the

13   pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

14   required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

15   conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell

16   Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual

17   matter, accepted as true, to state a claim to relief that is plausible on its face." Id.  Facial

18   plausibility demands more than the mere possibility that a defendant committed misconduct and,

19   while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

20          B.    Linkage Requirement

21          Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate

22   that each defendant personally participated in the deprivation of his rights. See Jones v.

23   Williams, 297 F.3d 930, 934 (9th Cir. 2002).  There must be an actual connection or link between

24   the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See

25   Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor

26   v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

27   ////

28   ////

3

IV.     PLAINTIFF'S COMPLAINT

Plaintiff's complaint names California State Prison–Sacramento, New Folsom State Prison, Pelican Bay State Prison, the California Department of Corrections and Rehabilitation ("CDCR"), B. McCulloch (B-Yard CCI counselor), and D. Roth (B-Yard captain) as defendants. See ECF No. 1 at 1.  The complaint appears to attempt to allege claims of violations of right under the Eighth Amendment based upon the denial of the right to personal security and the denial of adequate medical care.  See generally ECF No. 1 at 3.  Plaintiff's statement of the claim reads in its entirety as follows:

> Through a series of constant campaignes, harassment tactics, McCarthyism, and subversion, I've been, and still is being systematically bullied, battered, assaulted, attempted to be murdered, slandered, false documents placed on me, and in my files to have more harm inflicted on me.  I am also a target by the gay community within the CDCR system, and their supporters.  I have also been racially profiled as well.
> Also because of all the above, I am also being denied adequate medical treatment and access to my medical records / documents.

ECF No. 1 at 3.

The relief plaintiff seeks is a court investigation of the "McCarthyism, subversion and . . . systematic [bullying]" within the CDCR.  He also seeks "justice and protection against the gay community and their supporters within CDCR" until he is released from prison, as well as the imposition of an "indefinite restraining order" against the named defendants.  ECF No. 1 at 3-4 (brackets added).  Finally, plaintiff seeks financial compensation due to the physical and mental harm he has experienced.  See ECF No. 1 at 4.

V.     DISCUSSION

This court is obligated to liberally construe the pleadings of pro se litigants.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976) (stating pro se documents are to be liberally construed); see also Haines v. Kerner, 404 U.S. 519, 520 (1972) (stating pro se pleadings are held to less stringent standard than those drafted by lawyers).  However, vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

4

This complaint fails to present viable claims of relief.  It has the following deficiencies:

A.     Naming Prisons as Defendants

At the outset, plaintiff has named several prisons as defendants in this action.  See ECF No. 1 at 1-4.  They are not proper defendants in a Section 1983 case.

A state's department of corrections is an arm of the state, and thus, not a "person" within the meaning of Section 1983.  See Hale v. State of Arizona, 993 F.2d 1387, 1398-99 (9th Cir. 1993).  As such, it may not be sued under Section 1983.  See Groten v. California, 251 F.3d 844, 851 (9th Cir. 2001).  Consequently, with respect to naming the three prisons and the CDCR as defendants, plaintiff has failed to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915(e)(2)(B)(ii); 28 U.S.C. § 1915A(b)(1).  These entities will have to be dismissed as defendants.

B.     Failing to Establish Personal Participation

Plaintiff's simple identification of prison employees McCulloch and Roth as defendants, without specific details about their actions, also fails to state any sort of claims upon which relief may be granted.  Construed very broadly, plaintiff's complaint makes general assertions under Section 1983 that his constitutional rights were violated by defendants who are state actors and who were, presumably, acting under color of law.  However, the complaint fails to state how each defendant personally participated in depriving plaintiff of his right to personal safety or in what way each of them demonstrated deliberate indifference to plaintiff's serious medical needs.  This is problematic because personal participation is essential to making a threshold showing in each of these Section 1983 claims.  See Jones, 297 F.3d at 934; Ortez, 88 F.3d at 809.

With respect to any personal security claim plaintiff wishes to raise against defendants McCulloch, Roth and/or others, plaintiff must identify the specific situations where his personal security was at risk.  Then, he will need to show that: (1) there was an "excessive" and "substantial risk of serious harm" in those situations, and (2) any named defendants were subjectively aware of the risk but deliberately ignored it.  Farmer v. Brennan, 511 U.S. 825, 828-29 (1994).

////

As for plaintiff's claim alleging deliberate indifference to his serious medical needs, plaintiff must identify specific times when defendants McCulloch, Roth and/or others were deliberately indifferent to his serious medical needs. Plaintiff must then establish that the named defendants were aware of facts that could have permitted them to determine that a substantial risk of harm existed by not providing him with appropriate medical care, and that the defendants then drew the inference. See Labatad v. Corrections Corp. of America, 714 F.3d 1155, 1160 (9th Cir. 2013) (citing to Farmer, 511 U.S. at 837 (internal quotations omitted)).

In sum, with respect to both the personal security and deliberate indifference claims, plaintiff needs to provide specific examples. Then, plaintiff needs to indicate how each of the named defendants personally participated either in depriving him of his right to personal security or in demonstrating deliberate indifference to his serious medical needs. Providing this information in an amended complaint will make plaintiff's claims cognizable.

VI.     OPTIONAL LEAVE TO AMEND

Plaintiff will be given the opportunity to amend the complaint. If plaintiff chooses to file an amended complaint, it will take the place of the original complaint. See Lacey v. Maricopa Cty., 693 F.3d 896, 925 (9th Cir. 2012) (stating amended complaint supersedes original complaint). Any amended complaint filed should observe the following:

An amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

An amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a). Plaintiff may not change the nature of this suit by alleging new, unrelated claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it is complete in itself without reference to any earlier filed complaint. See L.R. 220 (E.D. Cal. 2009). This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is

filed, the earlier filed complaint no longer serves any function in the case.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent."), overruled on other grounds by Lacey v. Maricopa Cty., 693 F.3d 896 (2012).

VII.    PLAIN LANGUAGE SUMMARY OF THIS ORDER FOR A PRO SE LITIGANT

Your complaint cannot proceed in its present form, because it does not present claims that could entitle you to relief.

You cannot name prisons as defendants in Section 1983 actions.  The prisons must be dismissed.

In order to sue the individual defendants, you need to provide details about specific times that those individuals violated your right to personal security and/or demonstrated deliberate indifference to your serious medical needs.  You also need to state how each named defendant personally participated in violating your rights.

You may file an amended complaint that makes these changes.  If you do not file an amended complaint to fix these problems, it will be recommended that this case be dismissed.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion to proceed in forma pauperis filed October 16, 2017 (ECF No. 9) is GRANTED;

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith;

3.  Plaintiff's complaint filed September 26, 2017 (ECF No. 1) is DISMISSED with leave to amend;

4.  Within thirty days of the date of this order, plaintiff shall file a first amended complaint.  Failure to file an amended complaint within the time allotted may result in the dismissal of this action for failure to prosecute, and

////

5. California State Prison–Sacramento, Pelican Bay State Prison, New Folsom State Prison and the California Department of Corrections and Rehabilitation (see ECF No. 1 at 1-3) are DISMISSED as defendants in this action.

DATED: June 5, 2019

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE