UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORVILLE M. MORRIS, | No. 2:17-cv-2286 AC P |
| Plaintiff, | |
| v. | ORDER |
| CSP-SACRAMENTO, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis with a civil rights action, has requested appointment of counsel. ECF No. 22. In support of this motion, plaintiff states in part that he has "limited access to legal research," that he is "unlearned in the matters of law," that his case is complex, and that he has psychological damage that prevents him from moving forward with this case. See id. at 1.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

1

light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  Moreover, given that plaintiff filed the complaint himself and that this is his second request for appointment of counsel to date (see ECF Nos. 1, 13), plaintiff has demonstrated a sufficient understanding of this matter and of what he needs to do to move these proceedings forward.  See ECF Nos. 1, 13.  For these reasons, the court does not find the required exceptional circumstances.

     Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel, filed August 29, 2019 (ECF No. 22), is DENIED.

DATED: September 5, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE